UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMNANAN, | No. 2:21-cv-1113 KJN P |
| Plaintiff, | |
| v. | ORDER |
| B. HOLMES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff sues eleven peace officers and one John Doe employed at Mule Creek State Prison in 2019.  Plaintiff claims that on July 2, 2019, defendant Calloway "instituted an underground regulation upon plaintiff," using the California Code of Regulations, Title 15.  (ECF No. 1 at 10.)  When plaintiff inquired about the regulation, defendant Calloway "threatened" to cite the regulation in the Rules Violation Report.  Plaintiff responded that it did not matter

because he will file a 602 appeal in response because plaintiff was not breaking any rule. Defendant issued plaintiff "an RVR 128-B Counseling Chrono" in retaliation for plaintiff questioning the validity of Calloway's actions. On July 9, 2019, plaintiff appealed Calloway's actions. Defendant Briniger upheld Calloway's actions on July 29, 2019, in the first level response. In subsequent reviews, defendants Costa, Cantu, Best and Holmes also upheld Calloway's actions.

On August 13, 2019, defendant Briniger heard an RVR authored by defendant Calloway which plaintiff claims was in relation to the 602 appeal that defendant Briniger had denied at the first level of review. Plaintiff objected that Briniger hearing the RVR was a conflict in light of his role at the first level of review; Briniger disagreed and continued hearing the RVR. Plaintiff filed a 602 appeal based on the alleged conflict, and defendants Campbell, Costa, Cantu, Holmes, and Green, upheld Briniger's actions or failed to take steps to rectify the situation.

On August 13, 2019, defendant Jenkins falsified an RVR against plaintiff in retaliation for seeking redress against defendant Calloway based on the initial underground regulation issue on July 7, 2019. On September 10, 2019, defendant Elston was the hearing officer conducting the hearing on the August 13, 2019 RVR, and told plaintiff that "If you make trouble for my staff, I will bury you," and "I will never go against my staff, ever!" (ECF No. 1 at 15.) On September 19, 2019, plaintiff filed a 602 appeal about the September 10, 2019 disciplinary hearing. Subsequently, defendants Green and Holmes reviewed and upheld Elston's actions by denying plaintiff's appeals.

On August 9, 2019, plaintiff filed a staff complaint against defendant Calloway based on Calloway's conduct on July 2, 2019. Defendant White, AGPA, rejected plaintiff's claim citing time constraints. Plaintiff resubmitted the staff complaint, which defendant White cancelled.

On August 13, 2019, plaintiff submitted a staff complaint related to the falsifying of documents on July 26, 2019, and on September 9, 2019, defendant White screened out and rejected the complaint. (ECF No. 1 at 16.) Plaintiff resubmitted the complaint, but defendant White rejected it again. On September 11, 2019, plaintiff filed a 602 appeal to CCII M. Johnston, alleging "Greenwall tactics and code of silence" used to discourage plaintiff from obtaining relief.

On September 18, 2019, defendant White erroneously screened out plaintiff's complaint.

On September 12, 2019, plaintiff submitted another staff complaint to appeals coordinator Johnston, which was screened out and rejected by defendant White, who appended a copy of the August 9, 2019 staff complaint which was rejected by defendant Lt. John Doe on September 9, 2019, and again on September 27, 2019. (ECF No. 1 at 17.)

In his cause of action, plaintiff claims that defendants initiated and perpetuated a conspiracy through the use of underground regulations and the enforcement of a code of silence to dissuade plaintiff from seeking relief. (ECF No. 1 at 18.) Plaintiff claims that defendant peace officers acted in concert to violate plaintiff's First, Fifth, Eighth and Fourteenth Amendment rights, as well as various sections of the California Constitution. (ECF No. 1 at 19.) In addition, defendant Elston verbally threatened plaintiff and "engaged in the code of silence and campaign of calculated harassment." (ECF No. 1 at 19.) Plaintiff claims that defendants' actions chilled plaintiff's First Amendment rights and caused him to think twice before pursuing a complaint against defendants.

Plaintiff also alleges that defendants Holmes, Cantu and Costa are responsible for the training and actions of their subordinates and have a duty to act upon being made aware of their subordinates' misconduct. (ECF No. 1 at 20.) Further, he claims that defendants deprived plaintiff of his substantive due process rights by targeting plaintiff and falsifying rules violation reports to punish plaintiff for seeking redress.

Plaintiff seeks, *inter alia*, money damages, and an order expunging any rules violation reports authored or addressed by defendants. (ECF No. 1 at 21.)

Discussion

Defendants Involved in Appeals Review

Most of the defendants named in plaintiff's complaint were solely involved in reviewing plaintiff's 602 appeals. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). Even the lack of, or the failure of prison officials to properly implement, an administrative appeals process within the prison does not raise

4

constitutional concerns. Mann, 855 F.2d at 640. Thus, prison officials' actions in responding to plaintiff's grievances cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann, 855 F.2d at 640. "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

"Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" Stocker v. Warden, 2009 WL 981323 (E.D. Cal. Apr. 13, 2009) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Perkins v. Cal. Dep't of Corr. & Rehab., 2010 WL 3853276 (E.D. Cal. Sept. 30, 2010) (citing Shehee, 199 F.3d at 300); see also Stocker, 2009 WL 981323, at *10.[1]

////

---

[1] In the context of medical claims, some district courts have disagreed, at least regarding Eighth Amendment complaints against medically-trained officers who deny appeals requesting specific care. See, e.g., Coleman v. Adams, 2010 WL 2572534 (E.D. Cal. June 22, 2010); Arreola v. Dudley, 2010 WL 3033806 (E.D. Cal. July 30, 2010); Herrera v. Hall, 2010 WL 2791586 *4 (E.D. Cal. July 14, 2010). Such courts have generally reasoned that, although Ramirez and Mann prohibit due process claims regarding the handling of appeals, they "do not touch upon whether an appeal reviewer's actions can be considered 'cruel and unusual' within the meaning of the Eighth Amendment." Coleman, 2010 WL 2572534, at *7. In Coleman, the district court reasoned that the plaintiff's reference to his administrative appeal (in that case, for a request for a lower bunk and pain medication needed to treat previous injuries) "merely bolsters his allegation that supervisory personnel had actual awareness of the risk to plaintiff's safety." Id. Although plaintiff refers to the Eighth Amendment, he alleges no facts claiming that any defendant was deliberately indifferent to plaintiff's serious medical needs, or a risk to plaintiff's safety.

False Charges

Plaintiff alleges that defendant Jenkins falsified the charges brought against plaintiff in the RVR. Plaintiff does not attempt to state an independent cause of action on this basis, and he could not. Allegedly false statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 42 U.S.C. § 1983. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). As long as prison disciplinary charges are supported by "some evidence," due process is satisfied. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Verbal Harassment

Similarly, allegations of harassment and embarrassment are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Thus, to the extent plaintiff alleges defendant Elston's comment "If you make trouble for my staff, I will bury you," subjected plaintiff to verbal harassment, such allegation fails to state a cognizable civil rights claim.

Retaliation

It is unclear whether plaintiff can state a cognizable retaliation claim against a particular defendant.

Prisoners have a First Amendment right to file prison grievances and retaliation against prisoners for exercising this right is a constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A claim for First

Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882.

Plaintiff alleges that defendant Calloway issued plaintiff an "RVR 128-B Counseling Chrono" in retaliation for plaintiff questioning the validity of Calloway's purported regulation and engaging in a protected activity. But plaintiff's allegations do not make the timing clear. Plaintiff claims that on July 2, 2019, defendant Calloway "instituted an underground regulation upon plaintiff." (ECF No. 1 at 11.) Plaintiff then states he questioned defendant Calloway about the regulation. If the document was filed before plaintiff questioned Calloway or informed Calloway that plaintiff would be filing a grievance, the document could not have been filed because of plaintiff's claim he would file an appeal. Moreover, it is unclear whether the document was a rules violation report or simply a counseling chrono. "[N]umerous courts within the Ninth Circuit have concluded that informational and counseling chronos do not constitute adverse actions." Heilman v. Furster, 2018 WL 2588900, at *11 (C.D. Cal. May 1, 2018).[2]

---

[2] The court explained its reasoning in finding that false custodial counseling chronos are not adverse actions: "Defendants contend that the Villa and Furster Chronos cannot be considered

Because plaintiff did not describe the nature of the "RVR 128-B Counseling Chrono," or provide a copy of the document, the court is unable to discern whether plaintiff sustained a rules violation report, or a counseling chrono. Plaintiff is granted leave to file an amended complaint in which he should address each element of a retaliation claim as to defendant Calloway.

### Challenges to Rules Violation Reports

It is unclear whether plaintiff contends that his procedural due process rights were violated in a particular disciplinary proceeding. Plaintiff is advised that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Rather, for disciplinary proceedings that include the loss of good time credits, Wolff established that an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. As long as the five minimum Wolff requirements are met in a prison disciplinary proceeding, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

////

---

"adverse actions"; nor would they chill a person of ordinary firmness. (Mot. at 21-23.) This argument is also well-taken. As defendants assert, a CDCR 128-A counseling chrono is issued when "minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed." Cal. Code Regs. tit. 15, § 3312(a)(2); In re Perez, 7 Cal. App. 5th 65, 75 (2016), as modified on denial of reh'g (Jan. 4, 2017). A CDCR 128-B general chrono is used to document information about inmate behavior. Cal. Code Regs. tit. 15, § 3000; In re Cabrera, 216 Cal. App. 4th 1522, 1526 n.4 (2013). The regulations do not require that any action be taken as a result of a counseling or informational chrono. See Cal. Code Regs. tit. 15, §§ 3000, 3312. Nor do the Villa and Furster Chronos, in particular, require that any actions be taken against plaintiff, although they do express concern about plaintiff's future conduct. By contrast, an RVR results in disciplinary proceedings being instituted against the inmate. See id., § 3312(a)(3) (setting forth procedure for instituting disciplinary proceedings via RVR)." Heilman, 2018 WL 2588900 at *10.

Conspiracy

Plaintiff alleges that all of the defendants were engaged in a conspiracy to enforce a code of silence and engage in a campaign of harassment.

To state a claim for conspiracy under section 1983, plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004) (citation omitted).

Plaintiff's conspiracy claim fails for several reasons. First, a "campaign of harassment' is not a cognizable basis for a constitutional claim. Second, plaintiff's complaint fails to state a cognizable civil rights violation. Third, plaintiff's complaint is devoid of facts demonstrating the existence of a conspiracy, and conclusory allegations are insufficient. Twombly, 550 U.S. at 556-57; See also Gilbrook v. City of Westminster, 177 F.3d 839, 856-57 (9th Cir. 1999); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient." (citations omitted)). Plaintiff makes general, conclusory allegations that the defendants, in taking all of the alleged actions, were doing so in the furtherance of some conspiracy. Plaintiff must plead the basic elements of a civil conspiracy: an agreement and concerted action amongst the defendants in the furtherance of that agreement, and that each defendant conspired to violate plaintiff's constitutional rights. See also Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost impossible to defend against where numerous individuals are concerned).

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The

court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 7, 2021

/ramn1113.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMNANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. HOLMES, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-1113 KJN P<br><br>NOTICE OF <u>AMENDMENT</u> |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____　　　　　Amended Complaint

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff